IN THE SUPREME COURT OF NORTH CAROLINA

No. 305PA24

Filed 14 August 2026

STATE OF NORTH CAROLINA

v.

CODIE BRUCE SCHIENE


On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 296 N.C. App. 126 (2024), affirming an order entered on 30 September 2022 by Judge Nathaniel J. Poovey in Superior Court, Mecklenburg County, denying in part and granting in part defendant's motion to suppress. Heard in the Supreme Court on 9 September 2025.

*Jeff Jackson, Attorney General, by Zachary K. Dunn, Special Deputy Attorney General, for the State-appellee.*

*Benjamin J. Kull for defendant-appellant.*


BERGER, Justice.

The Court of Appeals affirmed the trial court's order denying defendant's motion to suppress evidence seized from a vehicle pursuant to a warrantless search, reasoning that the totality of the circumstances, including the odor of cannabis, provided law enforcement with probable cause to search. *See State v. Schiene*, 296 N.C. App. 126, 131 (2024). Defendant sought discretionary review in this Court of three issues, and on 21 March 2025 we allowed review of a single issue:

*Opinion of the Court*

> In light of the General Assembly's decision to create legal cannabis, is the odor of cannabis, on its own, a constitutionally viable excuse for ignoring the United States Supreme Court's mandate to consider the totality of the circumstances when deciding whether probable cause justifies a warrantless search for illegal cannabis?

This Court recently reaffirmed that "we continue to follow our precedents which require examination of the totality of the circumstances to determine whether probable cause exists" and that "the odor of cannabis is one factor that may be considered" as part of this examination. *State v. Dobson*, 929 S.E.2d 315, 318 (N.C. 2026) (cleaned up); *see also State v. Rowdy*, 929 S.E.2d 324, 330 (N.C. 2026) ("[W]e consider the totality of the circumstances in deciding whether law enforcement had reasonable suspicion and probable cause for searches and seizures. The odor of [cannabis] is a factor to be considered under the totality of the circumstances." (citations omitted)).

This Court has therefore already answered the single question on which review was allowed in this matter. As further review of this resolved issue would be superfluous, we conclude that discretionary review was improvidently allowed. To the extent the opinion of the Court of Appeals is consistent with *Dobson*, 929 S.E.2d 315, and *Rowdy*, 929 S.E.2d 324, the opinion below remains undisturbed.

DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.